UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>LE YANG,<br><br>Debtor. | Case No. 23-00075-RLM-11 |

**MOTION TO REJECT EXECUTORY CONTRACT REGARDING AMS RUN PROPERTY AND NOTICE OF OBJECTION DEADLINE**

Le Yang, as debtor and debtor-in-possession ("**Debtor**"), by counsel, moves the Court for an Order authorizing Debtor to reject the Option Contract (as defined herein). In support of this Motion, Debtor states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Factual Background**

4. On January 10, 2023 (the "**Petition Date**"), Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

5. On June 16, 2022, Debtor and Unison Agreement Corp. ("**Unison Corp.**") entered into a Unison Homeowner Option Agreement (the "**Option**") regarding the real estate commonly known as 12150 Ams Run, Carmel, Indiana 46032 (the "**Ams Run Property**"). A true and accurate copy of the Option is attached as **Exhibit 1**.

6. In connection with the Option, on June 16, 2022, Debtor and Unison Corp.

entered into a Unison Unison (sp) Homeowner Covenant Agreement (the "**Covenant**"; together with the Option, the "**Option Contract**"). A true and accurate copy of the Covenant is attached as **Exhibit 2**.

7. On June 16, 2022, Debtor executed and delivered a Memorandum of Unison Homeowner Agreement ("**Memorandum**") in favor of Unison Corp., which Unison Corp. recorded on July 26, 2022 with the Hamilton County Indiana Recorder's Office as Instrument Number 2022036978. A true and accurate copy of the Memorandum is attached as **Exhibit 3**.

8. Also on June 16, 2022, Debtor executed and delivered a Unison Homeowner Mortgage (the "**Mortgage**") in favor of Unison Corp., which Unison Corp. recorded on July 26, 2022 with the Hamilton County Indiana Recorder's Office as Instrument Number 2022036979. A true and accurate copy of the Mortgage is attached as **Exhibit 4**.

9. On June 15, 2022, Unison Corp. executed an Assignment of Unison HomeOwner Agreement (the "**Assignment**") in favor of Unison Midgard Holdings LLC ("**Unison LLC**"), which Unison Corp. recorded on July 26, 2022 with the Hamilton County Indiana Recorder's Office as Instrument Number 2022037022. A true and accurate copy of the Assignment is attached as **Exhibit 5**.

10. Pursuant to the terms of the Option Contract, Unison Corp. paid Debtor $180,915.00 (the "**Initial Payment**") for the future right to purchase, upon the occurrence of certain "exercise events", a 68.92% interest in the Ams Run Property for an additional payment of $524,654.00 (the "**Balance Payment**").

11. None of the "exercise events" described in the Option Contract have

occurred.

**Requested Relief and Basis Therefor**

12. By this Motion, Debtor seeks an Order, pursuant to Section 365 of the Bankruptcy Code, authorizing Debtor to reject the Option Contract as of the filing date of this Motion (the "**Effective Date**").

13. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor-in-possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of Debtor".

14. "[A] contract is executory if 'the obligations of both parties are so underperformed that the failure of either party to complete performance would constitute a material breach and thus excuse the performance of the other.'" *In re Robert L. Helms Construction & Development Co., Inc.*, 139 F.3d 702, 705 (9th Cir. 1998) (quoting *Griffel v. Murphy (In re Wegner)*, 839 F.2d 533, 536 (9th Cir. 1988).

15. Both Debtor and Unison LLC have remaining obligations under the Option Contract.

16. Unison LLC's obligations under the Option Contract includes, among other things, electing on the option to purchase, paying the Balance Payment to Debtor, and satisfaction of the Mortgage[1].

17. Debtor's remaining obligations under the Option Contract includes, among

[1] Debtor's position is that the Mortgage is not valid because, among other things, Unison Corp. purchased, and Unison LLC now owns, an Option to Purchase or a "home equity-sharing agreement". *See Unison Midgard Holding, LLC's Objection to Debtor's Chapter 11 Subchapter V Plan of Reorganization* [Filing No. 92] (the "**Objection to Confirmation**") ¶ 3. Further, under the Option Contract, the Initial Payment, is not "a loan or other form of debt, the Program is an investment by Unison in the form of a real estate option contract". *See* Objection to Confirmation ¶ 5. To the extent that a ruling is entered permitting Debtor to reject the Option Contract as an executory contract, Debtor intends to also file an Adversary Proceeding seeking to avoid the Mortgage.

other things, transferring 68.92% of the Ams Run Property to Unison LLC.

18. "After reviewing the case law and legislative history on the subject, this Court concludes that an option contract to purchase real property is indeed an executory contract within the meaning of § 365 and therefore subject to rejection." *In re Waldon*, 36 B.R. 633, 636 (Bankr. S.D. Fla. 1984) (citing *In re Jackson Brewing Co.*, 567 F.2d 618 (5th Cir. 1978); *Jenson v. Continental Financial Corp.*, 591 F.2d 477 (8th Cir. 1979); *Allvend Industries v. Brauser*, 2 Bankr.Ct.Dec. 29 (S.D. N.Y. 1975); *In re Continental Properties*, 15 B.R. 732 (Haw. 1981)).

19. "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Picture Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2nd Cir. 1993) (quoting 2 COLLIER ON BANKRUPTCY ¶ 365.01 [1] (15th ed. 1993)).

20. A debtor's decision to assume or reject an executory contract or lease is subject to review under the "business judgment standard". For that reason, absent some bad faith or abuse of debtor's exercise of sound business judgment, courts routinely approve debtor's decisions to reject such contracts. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (finding that the "business judgment" standard governs rejection of executory contracts), *superseded on other grounds*; *In re Trans World Airlines, Inc.*, 261 B.R. 103, 120 (Bankr. D. Del. 2001) ("[D]ebtor's determination to reject an executory contract is governed by the business judgment standard."); *In re III Enterprises, Inc.V*, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994) (finding that courts do not "disturb [a debtor's]

decision to reject unless the decision is so unreasonable that it could not be based on sound business judgment, but only on bad faith or whim".).

21. The business judgment standard is "not a difficult standard" and requires only a showing that rejection will benefit the estate. *In re ExideTechs*, 340 B.R. 222, 239 (Bankr. D. Del. 2006); *see also Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39-40 (3rd Cir. 1989) (finding that the "business judgment" standard requires only that rejection will benefit the estate).

22. Here, Debtor has examined the Option Contract and determined that it is no longer of any value or utility to Debtor or the bankruptcy estate.

23. For these reasons, Debtor's decision to reject the Option Contract is an exercise of sound business judgment that will result in a joint benefit to Debtor and the bankruptcy estate.

24. Based on the foregoing, Debtor respectfully requests that the Court authorize Debtor to reject the Option Contract as of the Effective Date.

**Notice**

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

If you do not want the court to enter an order affecting the existing contract(s) or lease(s), or if you want the court to consider your views on the motion, then on or before August 18, 2023 (**14 days** from the date of service), you or your attorney must file with the court a written objection explaining your position.

Those not permitted to file electronically must deliver any objection by U.S. mail, courier, overnight/express mail, or in person at:

United States Bankruptcy Court
Southern District of Indiana
116 U.S. Courthouse
46 East Ohio Street
Indianapolis, IN 46204

If you mail your objection to the court, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also send a copy of your objection to:

Weston E. Overturf
Anthony T. Carreri
Kroger Gardis & Regas, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204

If you or your attorney do not take these steps, the court may decide that you do not oppose an order affecting the contract(s) or lease(s).

**WHEREFORE**, Le Yang, as debtor and debtor-in-possession, respectfully requests the Court enter an Order that:

A. Authorizes Debtor to reject the Option Contract as of the Effective Date;

B. Deems the Option Contract rejected as of the Effective Date; and

C. Grants the Debtor all other just and proper relief.

Respectfully submitted,

*/s/ Weston E. Overturf*

Weston E. Overturf, Atty. No. 27281-49
Anthony T. Carreri, Atty. No. 36107-49
KROGER GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204
(317) 777-7443
wes@kgrlaw.com

*Attorneys for Debtor Le Yang*

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

**Anthony Thomas Carreri** ACarreri@kgrlaw.com, dgastenveld@kgrlaw.com
**Deborah J. Caruso** trusteecaruso@rubin-levin.net, DJC@trustesolutions.net;cdjc11@trustesolutions.net
**Jennifer Lynn Fisher** Jfisher@hinshawlaw.com, whensley@hinshawlaw.com
**Shanna M. Kaminski** skaminski@kaminskilawpllc.com
**Bradley R Markey** brm@thamesmarkey.law
**Weston Erick Overturf** woverturf@kgrlaw.com, dgastenveld@kgrlaw.com
**S. Brent Potter** bankruptcy@doylefoutty.com
**Bryan Redmond** USDCSDECFBK@feiwellhannoy.com
**Alan Ritchie** aritchie@pilgrimchristakis.com, gsarmiento@pilgrimchristakis.com,lmarshall@pilgrimchristakis.com
**Harrison Edward Strauss** harrison.strauss@usdoj.gov
**U.S. Trustee** ustpregion10.in.ecf@usdoj.gov
**Sam Zabaneh** szabaneh@hinshawlaw.com

I hereby certify that on August 4, 2023, a copy of the foregoing was mailed by U.S. mail, postage prepaid, to the following:

**Mailing Matrix attached – parties who receive electronic service may not receive a paper copy.**

*/s/ Weston E. Overturf*
Weston E. Overturf