**SO ORDERED: October 23, 2023.**

**Robyn L. Moberly**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LE YANG | ) | |
| | ) | CASE NO. 23-00075-RLM-11 |
| | ) | |
| Debtor | ) | |
| | ) | |

**ORDER DENYING DEBTOR'S MOTION TO REJECT CERTAIN CONTRACTS AS EXECUTORY CONTRACTS**

THIS MATTER comes before the Court on the *Motion to Reject Executory Contract with Unison Agreement Corp.* filed by Debtor Le Yang on August 08, 2023, seeking authorization to reject a purchase option contract regarding real estate located at 12150 Ams Run Carmel, Indiana 46032 ("Ams Run Property"). (Dkt. 97). Unison Midgard Holdings, LLC ("Unison") filed an Objection (Dkt. 105), and the Court heard oral argument on October 05, 2023. For the reasons set forth below, the Court DENIES the motion.

*Background*

Prior to filing for bankruptcy, Debtor entered into two home equity sharing agreements for two different properties. Both are before the court on separate motions to reject the contracts as executory contracts. The nature of the agreements is the same, but with different specifics in regard to the different properties.

In June 2022, Debtor entered into an agreement which gave Unison[1] the option to purchase the Ams Run Property. Unison paid $180,915.00 for the future right to purchase a 68.92% interest in the property for an additional payment of $524,654.00. Under the agreement Unison may exercise its option to purchase for a period of thirty-five years upon the occurrence of certain events.

Unison and Debtor's agreement is evidenced by the following transactions. Debtor and Unison Agreement Corp. entered into a Unison Homeowner Option Agreement (the "Option Agreement") on June 16, 2022. On that same day Debtor executed and delivered a Memorandum of the Unison Homeowner Agreement in favor of Unison Corp., which Unison Corp. recorded with the Hamilton County Recorder's Office. Unison Corp. assigned this agreement in favor of Unison Midgard Holdings LLC, this assignment was also recorded. Debtor also executed and delivered a Unison Homeowner Mortgage in favor of Unison Corp., the Mortgage was recorded with the Hamilton County Recorder's Office.

As part of the Option Agreement Debtor represented that the subject property was his "principal residence". According to Unison this is to prevent homeowners from entering into more than one agreement. However, Debtor did just that; Debtor entered into a second Option Agreement with Unison for a property located at 705 Carlin Ct., Carmel, Indiana 46032 ("Carlin Ct. Property"); which Debtor also represented was his "principal residence".

Debtor filed a Chapter 11 petition in this court on January 10, 2023. At the time of the filing Unison had not exercised its option. Debtor now seeks to reject this contract as an executory contract under Section 365 of the Bankruptcy code.

*Discussion*

The issue here is whether the Option Agreement is an executory contract that may be rejected by the Debtor pursuant to Bankruptcy Code § 365(a). Under Section

---

[1] The actual signatory of the agreement was Unison Agreement Corp. which then assigned its executed an Assignment of the Agreement. For purposes of this opinion, Unison Agreement Corp. and Unison Midgard are the same.

365(a) a debtor "subject to the court's approval, may assume or reject any executory contract[.]" 11 U.S.C. § 365(a).

An "executory contract" is an "agreement where 'the obligation of both the bankrupt and the other party are so far underperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." *In re Streets & Beard Farm P'ship*, 882 F.2d 233, 235 (7th Cir. 1989) (quoting V. Countryman, *Executory Contracts in Bankruptcy: Part I*, 57 MINN. L. REV. 439, 460 (1974)). A contract is executory if at the time of filing each party has material unperformed obligations. *See In re Natl. Fin. Realty Tr.*, 226 B.R. 586, 590 (Bankr. W.D. Ky. 1998) (holding option contract was not an executory contract where party had no continuing obligations as of the petition date). Given the contingent nature of option contracts an optionee's obligations may or may not ever be due, performance is due only upon the exercise of the option. *In re Robert L. Helms Constr. & Dev. Co., Inc.*, 139 F.3d 702, 705 (9th Cir. 1998).

Debtor argues that contract is executory because both parties have remaining obligations. (Dkt. 105 ¶15). Debtor argues that Unison has the remaining obligation to elect on its option and pay the debtor the balance payment should it exercise its option (Dkt. 97, ¶3). At the hearing Debtor argued that even if Unison does not exercise its option, it would still have to release the Memorandum filed with the Hamilton County Recorder's Office. Unison argues that it did not exercise its Option and thus had no material unperformed obligations as of the petition date. (Dkt. 107, ¶30).

For the contract to be executory, both Debtor and Unison would need to have unperformed material obligations due at the time the petition was filed. The Court is not persuaded by Debtor's argument that Unison has a remaining obligation to elect on the option. (Dkt. 97 ¶17). Unison's future obligations are contingent upon it actually exercising the option, "if the option is not exercised, nothing happens and neither party commits a breach." *In re Robert L. Helms Constr. & Dev. Co., Inc.*, 139 F.3d 702, 705 (9th Cir. 1998). If for example the property value drops significantly

Unison will not exercise its option and Debtor will simply keep the initial $180,915.00.

Here, Unison had no material obligations on the date of the petition because it had not yet exercised its option. Unison's obligation to pay the Debtor the balance payment only becomes an obligation if and when it chooses to exercise the option to purchase.

The court acknowledges Debtor's argument from the hearing that if Unison should choose not to exercise the option it would have to remove the filed Memorandum; however, the Court does not find this to be *material*. Most agreements have some degree of unperformed obligations on both sides, this does render all agreements executory under § 365. *In re Streets & Beard Farm P'ship*, 882 F.2d 233, 235 (7th Cir. 1989). Further, the option agreement may expire without exercise of the option and the filing may not need to be removed or canceled.

Because the Option Agreement is determined to not be an executory rejection of the contract is not proper and thus the Court need not determine if rejection is based on sound business judgement.

Accordingly, Debtor's Motion for Authority to Reject the Option Contract regarding Ams Run Property is DENIED.