SO ORDERED: October 23, 2023.



_____
**Robyn L. Moberly**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| LE YANG ) | |
| ) | CASE NO. 23-00075-RLM-11 |
| ) | |
| Debtor ) | |
| ) | |

### ORDER DENYING DEBTOR'S MOTION TO REJECT CERTAIN CONTRACTS AS EXECUTORY CONTRACTS

THIS MATTER comes before the Court on the *Motion to Reject Executory Contract with Unison Agreement Corp.* filed by Debtor Le Yang on August 08, 2023, seeking authorization to reject a purchase option contract regarding real estate located at 705 Carlin Ct., Carmel, Indiana 46032 ("Carlin Ct. Property"). (Dkt. 98). Unison Midgard Holdings, LLC ("Unison") filed an Objection (Dkt. 106), and the Court heard oral argument on October 05, 2023. For the reasons set forth below, the Court DENIES the motion.

*Background*

Prior to filing for bankruptcy, Debtor entered into two home equity sharing agreements for two different properties. Both are before the court on separate motions to reject the contracts as executory contracts. The nature of the agreements is the same, but with different specifics regarding the different properties.

In February 2022, Debtor signed a contract which gave Unison[1] the option and future right to purchase an interest in the Carlin Ct. Property. Unison paid $54,250.00 for the future right to purchase a 70.00% interest in the property for an additional payment of $157,325.00. Unison may exercise its option for a period of thirty years upon the occurrence of certain events.

Unison and Debtor's agreement is evidenced by the following transactions. Debtor and Unison Agreement Corp. entered into a Unison Homeowner Option Agreement on February 17, 2022. On that same day Debtor executed and delivered a memorandum of the Unison Homeowner Agreement in favor of Unison Corp. This Memorandum was recorded with the Hamilton County Recorder's Office. Unison Corp. assigned this agreement in favor of Unison Midgard Holdings LLC. This assignment was also recorded. Debtor also executed and delivered a Unison Homeowner Mortgage in favor of Unison Corp. The Mortgage was recorded with the Hamilton County Recorder's Office.

Although not of consequence to the motion, Debtor misrepresented to Unison that the Carlin Court Property was his principal residence. As part of the Option Agreement Debtor represented that the subject property was his "principal residence". Debtor's proposed Chapter 11 Plan of Reorganization establishes that this property is in fact an "investment property".

Debtor filed a Chapter 11 petition in this court on January 10, 2023. At the time of the filing Unison Midgard had not exercised its option. Debtor now seeks to reject this contract as an executory contract under Section 365 of the Bankruptcy code.

*Discussion*

The issue here is whether the Option Agreement is an executory contract that may be rejected by the Debtor pursuant to Bankruptcy Code § 365(a). Under Section

---

[1] The actual signatory of the agreement was Unison Agreement Corp. which then assigned its executed an Assignment of the Agreement. For purposes of this opinion, Unison Agreement Corp. and Unison Midgard are the same.

365(a) a debtor "subject to the court's approval, may assume or reject any executory contract[.]" 11 U.S.C. § 365(a).

An "executory contract" is an "agreement where 'the obligation of both the bankrupt and the other party are so far underperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." *In re Streets & Beard Farm P'ship*, 882 F.2d 233, 235 (7th Cir. 1989) (quoting V. Countryman, *Executory Contracts in Bankruptcy: Part I*, 57 MINN. L. REV. 439, 460 (1974)). A contract is executory if at the time of filing each party has material unperformed obligations. *See In re Natl. Fin. Realty Tr.*, 226 B.R. 586, 590 (Bankr. W.D. Ky. 1998) (holding option contract was not an executory contract where party had no continuing obligations as of the petition date). Given the contingent nature of option contracts an optionee's obligations may or may not ever be due, performance is due only upon the exercise of the option. *In re Robert L. Helms Constr. & Dev. Co., Inc.*, 139 F.3d 702, 705 (9th Cir. 1998).

Debtor argues that the contract is executory because both parties have remaining obligations. (Dkt. 105 ¶15). Debtor argues that even though Unison Midgard has not exercised its option as of the date of the petition, it nonetheless still has performances due under the contract such as electing on the option to purchase and paying the debtor should it exercise its option. (Dkt. 97, ¶3). At the hearing Debtor argued that even if Unison Midgard does not exercise its option, it would still have to release the Memorandum filed with the Hamilton County Recorder's Office. Unison Midgard argues that it did not exercise its Option and thus had no material unperformed obligations as of the petition date. (Dkt. 107, ¶30).

For the contract to be executory, both Debtor and Unison Midgard would need to have unperformed material obligations due at the time the petition was filed. The Court is not persuaded by Debtor's argument that Unison has a remaining obligation to elect on the option. (Dkt. 97 ¶17). Unison's future obligations are contingent upon it actually exercising the option, "if the option is not exercised, nothing happens and neither party commits a breach." *In re Robert L. Helms Constr. & Dev. Co., Inc.*, 139

F.3d 702, 705 (9th Cir. 1998). If for example the property value drops significantly Unison will not exercise its option and Debtor will simply keep the initial $54,250.00.

Here, Unison had no material obligations on the date of the petition because it had not yet exercised its option. Unison's obligation to pay the Debtor the balance payment only becomes an obligation if and when it chooses to exercise the option to purchase.

The court acknowledges Debtor's argument from the hearing that if Unison should choose not to exercise the option it would have to remove the filed Memorandum; however, the Court does not find this to be *material*. Most agreements have some degree of unperformed obligations on both sides, this does not render all agreements executory under § 365. *In re Streets & Beard Farm P'ship*, 882 F.2d 233, 235 (7th Cir. 1989). Further, the option agreement may expire without exercise of the option and the filing may not need to be removed or canceled.

Because the contract is determined to not be executory, rejection of the contract is not proper and thus the Court need not determine if rejection is based on sound business judgement.

Accordingly, Debtor's Motion for Authority to Reject the Option Contract regarding Carlin Ct. Property is DENIED.